Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  STEPHANIE CORIANO SOSTRE  Peticionaria | TA2025CE00065 | Apelación procedente del Tribunal de Primea Instancia, Sala de Caguas  Crim. Núm.: ESC2025G0146  Por: Art. 404 Ley (S.C.) |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de agosto de 2025.

El Tribunal de Primera Instancia ("TPI") denegó la supresión de cierta evidencia ocupada como resultado del diligenciamiento de una orden judicial de allanamiento. Según se explica en detalle a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

I.

Contra la Sa. Stephanie Coriano (la "Imputada") se presentó una acusación por poseer marihuana sin estar autorizada a ello por ley. La sustancia fue ocupada como resultado del diligenciamiento de una orden de allanamiento expedida por el TPI (la "Orden").

Antes de expedir la Orden, el TPI tuvo ante sí una declaración jurada (la "Declaración") en la cual se aseveró que el declarante estaba a cargo de investigar la ubicación de un prófugo contra quien había dos órdenes de arresto por delitos de asesinato y otros (el "Prófugo"). Según la Declaración, la Imputada mantenía "contacto por teléfono y video llamadas" con el Prófugo, con quien tenía un hijo. También se aseveró que los "aparatos electrónicos" que la

Imputada usaba para comunicarse con el Prófugo "los carga consigo como en su vehículo de motor".

Mediante la Orden, el TPI autorizó el allanamiento del vehículo de la Imputada (el "Vehículo"), ello en búsqueda de "todo aparato electrónico tales como teléfonos celulares, tabletas electrónicas, computadoras *laptop* y/o equipos destinados para la comunicación".

A finales de abril de 2025, la Imputada presentó una *Moción de Supresión de Evidencia* (la "Moción"). Planteó que la Orden era "inválida de su faz". Aseveró que en la Declaración no consta de qué forma específica se obtuvo la información en cuanto a las comunicaciones de la Imputada con el Prófugo. Además, arguyó que de la Declaración no surgía razón para pensar que la Imputada estuviese cometiendo algún delito por medio de algún aparato electrónico. Sostuvo que era necesario que de la Declaración surgiera que la "propiedad a ser registrada o incautada fue, es o será utilizada como medio para cometer un delito". Finalmente, señaló que, de la Declaración, no surgía causa probable para creer que la Imputada estuviese cometiendo el delito de encubrimiento, pues el mismo no se comete simplemente por comunicarse con el Prófugo.

El Ministerio Público se opuso a la Moción. Resaltó que de la Declaración surgía causa probable para creer que el allanamiento del Vehículo arrojaría "evidencia conducente a lograr dar con el paradero" del Prófugo, o bien evidencia "que se esté utilizando para encubrir" al Prófugo "u obstruir la labor de la Policía para dar con" su paradero. Consignó que, al comenzarse el registro del Vehículo, se encontró la marihuana dentro del "dash", el cual se registró porque allí cabe un teléfono celular.

Mediante una Resolución de 30 de mayo de 2025, el TPI denegó la Moción. El TPI razonó que la magistrado que expidió la Orden "tuvo la oportunidad de examinar el testimonio del

declarante, la declaración jurada y otros documentos adicionales, otorgándoles credibilidad y entendiendo así que existía causa probable para llevar a cabo el registro".

Inconforme, el 30 de junio (lunes), la Imputada presentó el recurso de referencia, en el cual reproduce lo planteado en la Moción. Subraya que solo puede ser objeto de una orden de allanamiento propiedad que haya sido robada o que haya sido utilizada como "medio para cometer un delito". Puesto de otra forma, arguye que de la Declaración no podía concluirse que el Vehículo, o aparato electrónico alguno, "estuvieran vinculados con la comisión de delito alguno". Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## III.

La protección contra registros, incautaciones y allanamientos irrazonables es de índole constitucional.  Así, el Artículo II, Sección 10, de la Constitución del Estado Libre Asociado, dispone en lo pertinente que: "[s]ólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.  Evidencia obtenida en violación a esta sección será inadmisible en los tribunales". Art. II, Sec. 10, Const. E.L.A., LPRA, Tomo I.

Esta disposición es similar a la cuarta enmienda de la Constitución de los Estados Unidos y tiene como objetivo esencial proteger la intimidad y dignidad del individuo frente a las actuaciones arbitrarias del Estado.  Enmda. IV, Const. EE.UU., LPRA, Tomo I.  Se persigue proteger la intimidad y dignidad de los seres humanos, amparar sus documentos y otras pertenencias e interponer la figura de un juez entre los funcionarios públicos y la ciudadanía para ofrecer mayor garantía de razonabilidad a la intrusión del Estado. *Pueblo v. Miranda Alvarado*, 143 DPR 356,

362-363 (1997), citando a *E.L.A. v. Coca Cola Bott. Co.*, 115 DPR 197, 207 (1984).

El mandato constitucional no se da contra todo tipo de registro, sino solo contra aquellos que son irrazonables. *Pueblo v. Valenzuela Morel*, 158 DPR 526, 537 (2003). Por ello, cuando se invoca la protección constitucional contra registros y allanamientos irrazonables, lo que enfrentamos es el conflicto entre los derechos constitucionales de los ciudadanos y el interés del Estado de combatir la criminalidad. *Pueblo v. Camilo Meléndez*, 148 DPR 539, 551-552 (1999). Consecuentemente, en nuestra jurisdicción, todo registro e incautación sin una orden judicial previa se presume inválido. *Miranda Alvarado*, 143 DPR a la pág. 363; *Pueblo v. Calderón Díaz*, 156 DPR 549, 560-561 (2002).

Ahora bien, no es siempre necesaria una orden judicial previa a un registro; en lo pertinente, no es necesaria cuando la evidencia está a plena vista. *Pueblo v. Rosario Igartúa*, 129 DPR 1055 (1992); *Pueblo v. Acevedo Escobar*, 112 DPR 770 (1982); *Pueblo v. Dolce*, 105 DPR 422 (1976). Para determinar si un objeto se encuentra a plena vista y puede ser incautado sin una orden judicial previa, es preciso que estén presentes los siguientes criterios: (1) el artículo debe descubrirse por estar a plena vista y no en el curso o por razón de un registro; (2) el agente que observe la prueba debe tener derecho previo a estar en la posición desde la cual podía verse tal prueba; (3) el objeto debe descubrirse por inadvertencia, y (4) la naturaleza delictiva del objeto debe surgir de la simple observación. *Dolce*, 105 DPR a la pág. 436.

Tampoco es necesaria una orden judicial previa cuando el registro es incidental a un arresto válido. Por su parte, el concepto "motivos fundados" para arrestar, necesario para que el arresto sea válido, es sinónimo del término "causa probable" empleado en el contexto de la expedición de una orden de arresto. *Calderón Díaz,*

156 DPR a la pág. 557. La existencia de motivos fundados se determina a base de los criterios de probabilidad y razonabilidad. *Pueblo v. Ortiz Alvarado*, 135 DPR 41, 47 (1994). Lo verdaderamente importante es que el agente que efectúa un arresto y registro sin orden judicial previa tenga, al momento de hacerlo, una base razonable que se desprenda de la totalidad de las circunstancias para creer que se está violando o se iba a violar la ley. *Íd.* Dicho de otra manera, para dirimir si un agente del orden público tenía motivos fundados para arrestar a un ciudadano sin una orden "es indispensable analizar la información que le constaba a éste y el cuadro fáctico que éste tenía ante sí al momento del arresto para, entonces, determinar si esos hechos pudieron llevar a una persona prudente y razonable a creer que la persona que iba a ser arrestada había cometido, o iba a cometer, la ofensa en cuestión". *Calderón Díaz, supra.* (Énfasis suplido).

A su vez, la Regla 234 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 234, establece los fundamentos y el mecanismo procesal para solicitar la supresión de evidencia obtenida ilegalmente:

> La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:
>
> (a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.
>
> (b) Que la orden de allanamiento o registro es insuficiente de su propia faz.
>
> (c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.
>
> (d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e)     Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f)     Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o los fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes.

El tribunal vendrá obligado a celebrar una vista evidenciaria con antelación al juicio, y ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada sin previa orden judicial si en la solicitud la parte promovente aduce hechos o fundamentos que reflejan la ilegalidad o irrazonabilidad del registro, allanamiento o incautación. El Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación y le corresponderá establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa.

De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido).

IV.

Concluimos que la Declaración razonablemente podía llevar al TPI a concluir que se justificaba ordenar el allanamiento del Vehículo, ello ante la existencia de causa probable para creer que en el mismo había evidencia que ayudaría a ubicar al Prófugo, o bien evidencia de que la Imputada estaba ayudando al Prófugo a evadir el diligenciamiento de las órdenes de arresto en su contra. Por tanto,

el TPI actuó correctamente al denegar la supresión del producto del allanamiento diligenciado de conformidad con la Orden.

Contrario a lo planteado por la Imputada, una orden de allanamiento puede ser válidamente emitida, aunque no vaya dirigida al tipo de propiedad enumerada en la Regla 230 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 230.  Una lectura integral de la reglamentación pertinente arroja que esta enumeración no es exhaustiva, por lo que es suficiente que se demuestre "causa probable para el allanamiento o registro", es decir, que el mismo sea razonable.  Ello quedó demostrado en este caso, pues de la Declaración surgía causa probable para creer el registro o allanamiento produciría evidencia de la comisión de un delito, o pertinente a la investigación de un delito, o bien evidencia que ayudaría al cumplimiento por la autoridad pública de su obligación de arrestar al Prófugo.

V.

Por los fundamentos antes expresados, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones