Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>NICOLÁS VEGA RUIZ<br><br>Peticionario | TA2025CE00614 | *Certiorari* recibido del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>TPI Núm.: 1TR202400282 (Sala 402)<br><br>Sobre: Art. 7.02 Ley 22 |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece el señor Nicolás Vega Ruiz vía *certiorari* y solicita que revoquemos de la *Minuta Resolución* del Tribunal de Primera Instancia, Sala Superior de Añasco, emitida el 10 de septiembre de 2025. En dicho dictamen, se declaró sin lugar la supresión de evidencia solicitada por el peticionario. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, el 26 de octubre de 2024, el Agt. Ángelo Vargas intervino con el vehículo que conducía el señor Vega Ruíz, toda vez que éste supuestamente transitaba entre carriles no debidamente marcadas. Después del peticionario ser llevado a la División Patrullas y Carreteras de Mayagüez, arrojó una concentración de cero punto uno seis cero (0.160%) porciento de alcohol en su organismo. A razón de ello, se presentó una denuncia y posteriormente se determinó causa

probable para juicio por violación al Artículo 7.02 de la Ley Núm. 22-2000 (9 LPRA sec. 5202).

Posterior a varios trámites procesales, el peticionario presentó una *Moción de supresión de evidencia al amparo de la Regla 234 de las de Procedimiento Criminal* y alegó que, en la madrugada del 26 de octubre de 2024, el señor Vega Ruiz solicitó en varias ocasiones que se le realizara una prueba de sangre, pero solo se le practicó una prueba de aliento. Por tanto, el peticionario argumentó que se debe suprimir la evidencia de la prueba de aliento por esta haber sido mediante un registro y allanamiento irrazonable o ilegal. Asimismo, el señor Vega Ruiz distinguió que hubo ausencia de una orden judicial y no aplicaba la doctrina de evidencia a plena vista.

Por todo lo acontecido, el 10 de septiembre de 2025 se celebró una vista de supresión de evidencia y en la cual participó como testigo el Agt. Vargas. Evaluada la evidencia disponible, el Tribunal recurrido resolvió sin lugar la moción del peticionario sin más fundamento.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al declarar sin lugar la petición sobre supresión de evidencia, validando así la violación al debido proceso de ley. El 24 de octubre de 2025, este Tribunal resolvió a lugar la *Moción Informativa Conforme Regla 76* de la parte peticionaria, concediéndole treinta (30) días para presentar la transcripción de la regrabación de los procesos, según dispone la Regla 76 (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Sin haberse entregado dicha transcripción, pero presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

De su parte, la Regla 234 de Procedimiento Criminal (34 LPRA Ap. II), es el medio procesal mediante el cual un ciudadano puede solicitar la supresión de evidencia obtenida en violación a la protección constitucional en contra de registros, incautaciones y allanamientos irrazonables. Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1; *Pueblo v. Blase Vázquez,* 148 DPR 618 (1999). En relación con el presente caso, la procedencia de la moción de supresión en relación con pruebas de aliento cobra sentido por cuanto constituyen un registro. *Pueblo v. Montalvo Petrovich*, 175 DPR 932 (2009); *Skinner v. Railway Labor Executive Association et al,* 489 US 602 (1989). No obstante, el Tribunal no verá con buenos ojos una moción de supresión de evidencia tras un registro consentido, voluntario y libre de toda coacción, la cual incluye cuando una persona obedece sin protestar al pedido del

funcionario público. *Pueblo v. Álvarez De Jesús*, 214 DPR 753 (2024) (citando a *Pueblo en interés menor NOR*, 136 DPR 949 (1994)). Cualquier abdicación, expresa o tácita, será considerada al amparo de (1) si medió fuerza o violencia en su obtención; (2) si el registro se efectuó después de un arresto; y (3) si se encontraban presentes otras personas. Íd. (*Pueblo v. López Colón*, 200 DPR 273 (2018)). La validez de un registro consentido no requerirá que la persona afectada haya sabido de su derecho a no consentir. Íd.

Por otro lado, un agente del orden público tiene autoridad para detener algún vehículo que transite por la vía pública si tiene motivos fundados para creer que el conductor ha cometido alguna violación a la ley. Art. 10.22 de la Ley Núm. 22-2000 (9 LPRA sec. 5302). Véase Regla 11 de Procedimiento Criminal, *supra*. Estos "motivos fundados" equivalen a la causa probable y se determinan a base de criterios de probabilidad y razonabilidad. *Pueblo v. Pérez Rivera*, 186 DPR 845 (2012) (citando a *Pueblo v. Ruiz Bosh*, 127 DPR 762 (1991)). Por tanto, dicho funcionario deberá basarse en el mínimo de información—es decir, en aquella información y conocimiento que lleven a una persona ordinaria y prudente a creer que el arrestado ha cometido un delito— que convenza a un juez de que existe causa probable para arresto. Íd. (citando a *Pueblo v. Calderón Díaz*, 156 DPR 549 (2002); *Pueblo v. Muñoz, Colón y Ocasio*, 131 DPR 965 (1992)). Esto no significa que el tribunal estará atado a las conclusiones o expresiones de un policía en lo relativo a los motivos fundados, toda vez que el juez tiene como misión la evaluación de la validez del arresto independientemente del criterio subjetivo del agente. Íd.

Ahora bien, nuestro ordenamiento considera que toda persona que transite por las vías públicas de Puerto Rico conduciendo un vehículo de motor consintió a someterse a la prueba de campo estandarizada de sobriedad, así como al análisis químico o físico de su sangre, su aliento o de cualquier otra sustancia de su cuerpo. Art. 7.09 de la Ley Núm. 22-2000 (9 LPRA sec. 5209). La prueba de campo estandarizada y la de aliento se harán en el lugar de la detención por el agente del orden público, a menos que, por circunstancias de seguridad, se deberá hacer dichas pruebas en un lugar cercano a la detención o en el cuartel más cercano. Íd. En tal circunstancia, deberá existir (1) motivo fundado para sospechar que la persona ha ingerido alcohol o ha utilizado sustancias controladas; o (2) si ocurre un accidente y la persona se hallaba conduciendo uno de los vehículos involucrados en el accidente. Íd. No obstante, si la persona intervenida se negare, objetare, resistiere o evadiere someterse al procedimiento de las pruebas de alcohol, este será arrestado con el fin de trasladarle a una facilidad médico-hospitalaria para que el personal certificado por el Departamento de Salud proceda a extraerle las muestras pertinentes, previa orden judicial. Íd.

Si el resultado de la prueba de aliento o de cualquier otro análisis demuestra una posible concentración de ocho centésimas (0.08) o más del uno (1%) por ciento de alcohol por volumen, el agente del orden público le podrá requerir al conductor que se someta a un análisis posterior. Íd. De esta forma, el nivel de alcohol en la sangre no es sólo un elemento probatorio, sino que es causa suficiente para concluir que la persona se encuentra bajo los efectos de bebidas embriagantes, en

violación a la Ley Núm. 22-2000. Íd.; *Pueblo v. Figueroa Pomales*, 172 DPR 403 (2007).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar suprimir la evidencia de la prueba de aliento. A pesar de la parte peticionaria haber notificado su intención de presentar una transcripción de la regrabación de los procesos, ésta nunca se entregó dentro del tiempo dispuesto por nuestro Reglamento. Consecuentemente, por todos los planteamientos de error estar atados a la evaluación de la prueba, en ausencia de transcripción el peticionario no ha logrado persuadirnos de que el Tribunal recurrido haya incurrido en error.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones