EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CELIA FIGUEROA SANTIAGO, acusada y apelante.

*Números:* CR-65-327     *Resueltos:* 8 de febrero de 1966
CR-65-328

*E. Alemañy Fernández,* abogado de la apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La apelante fue convicta de dos infracciones a la Ley de Bolita (Ley Núm. 220 de 15 de mayo de 1948,

33 L.P.R.A. sec. 1247) consistente en la venta en dos ocasiones distintas de un número del juego ilegal de la bolita a un agente encubierto, y sentenciada a un año de cárcel por cada infracción.

■ Como primer error alega en este recurso el estado de indefensión en que se encontraba la acusada en relación con los hechos del día 30 de noviembre de 1963.

Su contención es al efecto de que el caso se sometió a un magistrado cerca de doce meses después de ocurridos los hechos y que debido a esa dilación no podía recordar el sitio donde se encontraba ese día, razón por la cual se vió impedida de presentar prueba de defensa.

El 30 de noviembre de 1963 un agente encubierto, haciéndose pasar por un inspector de la Autoridad de Fuentes Fluviales, ganó acceso al patio de la residencia de la apelante y al percatarse de que en esos momentos ella llevaba a cabo transacciones de bolipul, le compró el número 295 por el precio de $1.00, sin que le entregara constancia de la jugada, limitándose la acusada a hacer un círculo alrededor del número de bolita que vendió al agente encubierto.

En circunstancias similares, la acusada vendió en 3 de septiembre de 1964 al mismo agente encubierto el número de bolita 038 por el precio de $2.00.

El agente explicó que se tardó meses en el arresto de la acusada, diciendo "Yo no puedo arrestar a nadie. Si yo la arresto a ella me hubiera quemado en Mayagüez y hubiera concluído mi labor."

La mera afirmación de la acusada en la silla testifical de que por más esfuerzos que hizo no podía recordar donde se encontraba el día 30 de noviembre de 1963, no establece el estado de indefensión que invoca si se considera (1) que la acusada declaró en el sentido de que nunca había visto al agente encubierto en el patio de su casa ni en ningún otro sitio; que nunca ha vendido números de bolita ni conoce ese juego, y que además presentó otros testigos para probar su

afirmación de que nunca se ha dedicado a vender números de bolita, y (2) que unos 20 días antes del juicio, la acusada radicó un escrito notificando que su defensa sería la coartada, de lo cual se infiere que ella sabía donde se encontraba el día de la comisión del delito imputádole.

No cae este caso dentro de las excepciones aludidas en *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (1959); *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961) y otras posteriores. El primer error no fue cometido.

■ En el segundo señalamiento se sostiene que el Tribunal sentenciador erró al declarar sin lugar la moción de supresión de evidencia. *Pueblo* v. *Seda*, supra, dispone de este señalamiento en contra de la apelante.

En el tercer señalamiento se ataca la apreciación de la prueba. La lectura de la transcripción de la evidencia nos convence que el Tribunal a quo no cometió error al darle crédito al agente encubierto. No hay motivos evidentes para sospechar de su testimonio. *Pueblo* v. *Rivas Ocasio*, opinión Per Curiam resuelta en 28 de mayo de 1964.

■ Finalmente se queja la apelante de que las penas impuestas son excesivas. Arguye que es persona que goza de buena reputación y que tampoco existen circunstancias agravantes que justifiquen la imposición del máximo en cada uno de los casos.

Del hecho de que la apelante fuera sorprendida en dos ocasiones vendiendo números de bolita podría inferirse que la apelante en realidad se dedicaba a la actividad ilegal de vender números de bolita. Por otro lado la pena impuesta en cada caso no fue la máxima pues para tales casos el estatuto dispone una pena mínima no menor de seis meses de cárcel ni mayor de dos años de cárcel. Tan grave consideró el legislador la comisión de estos delitos que por la segunda o subsiguientes infracciones impuso una pena no menor de un año ni mayor de diez años de presidio. 33 L.P.R.A. sec. 1250.

*No hay base para modificar las sentencias apeladas y en su consecuencia serán confirmadas.*\*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Santana Becerra disintió.

\*Nota del Compilador: Mediante sentencia de 23 de marzo de 1966— en la cual no intervinieron los Jueces Asociados Señores Belaval y Santana Becerra—se reconsideró la sentencia dictada por este Tribunal en este caso el 8 de febrero al único efecto de decretar que las penas de un año de cárcel en cada caso impuestas por la Sala de Mayagüez del Tribunal Superior en estos casos, sean cumplidas concurrentemente, y así enmendadas, se confirmaran las sentencias apeladas.