SEGUNDO RODRÍGUEZ MUÑOZ, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-66-24      *Resuelto:* 20 de marzo de 1967

*Enrique Miranda Merced, Edna Abruña Rodríguez y E. Armstrong de Watlington,* abogados del peticionario.

PER CURIAM: En agosto de 1954 el apelante fue convicto por un jurado y sentenciado por la comisión de un delito

de asesinato en segundo grado, otro de asesinato en primer grado y otros dos por ataque para cometer homicidio. Además fue sentenciado por dos infracciones (*misdemeanor*) a la Ley de Armas.

Apeló de todas las sentencias y por sendas resoluciones de 27 de septiembre de 1954, a su solicitud le dimos por desistido de todos los recursos de apelación.

En junio de 1965 expedimos un auto de hábeas corpus para que se investigara ante el Tribunal Superior la legalidad de la prisión del apelante. Celebrada la vista correspondiente, la Sala de Ponce del Tribunal Superior declaró sin lugar el recurso. Apeló el peticionario para ante este Tribunal. Referimos el caso a la Sociedad para Asistencia Legal para que le prestara asistencia legal en esta apelación.

En septiembre 13 de 1966 la referida Sociedad rindió un informe sosteniendo que no se cometieron errores que conlleven la revocación de la sentencia apelada. En vista de dicho informe concedimos término al apelante para presentar un alegato si así lo estimaba conveniente, lo cual no ha hecho.

El recurso de hábeas corpus se fundó en que (1) al acusado se le extrajo una confesión, que fue utilizada en su contra mediante la violencia, siendo agredido en el cuartel de la policía, y (2) no se le advirtió de su derecho a tener asistencia legal en la etapa investigativa del proceso. Para sostener estos hechos presentó como única prueba su propio testimonio.

Por su parte el Pueblo presentó el testimonio del Lcdo. Julio Fernández Cabrera, quien fue el fiscal que tomó la confesión al acusado. Declaró en síntesis, que no le advirtió al acusado que tuviese derecho a estar asistido de abogado o de algunos de sus familiares y que el acusado tampoco lo solicitó; que sabe que el acusado no fue agredido porque él estuvo con el acusado desde que lo arrestaron hasta que lo ingresaron en la cárcel; que el acusado no estaba herido;

que él le advirtió al acusado que la declaración de éste debía ser voluntaria, que cualquier cosa que declarara podría usarse en su contra; que le preguntó si lo habían amenazado y contestó que no; que el acusado declaró voluntariamente; que cuando arrestaron al acusado en un cañaveral el testigo estaba presente, de ahí lo llevaron al cuartel y delante de varios periodistas le hizo las advertencias y fue entonces que el acusado declaró.

■ La prueba fue conflictiva en cuanto a si el acusado fue agredido o no en el cuartel de la policía para que confesara. El juez sentenciador dirimió el conflicto dándole entero crédito al Lcdo. Fernández Cabrera. Nada hay en el récord que justifique nuestra intervención en apelación con la apreciación que de la prueba hizo el juez sentenciador. *Pueblo* v. *Figueroa Santiago*, 93 D.P.R. 154 (1966); *Laureano Maldonado* v. *Tribunal Superior*, 92 D.P.R. 381 (1965); *Pueblo* v. *Pinto Medina*, 90 D.P.R. 585 (1964); *Pueblo* v. *Santana*, Per Curiam resuelto en 1ro. de junio de 1964; *Pueblo* v. *Santos Vázquez*, 89 D.P.R. 88 (1963).

■ Habiéndose celebrado el juicio contra el acusado en el año 1954, no le estaba disponible la defensa de falta de asistencia de abogado en la etapa investigativa del proceso o la ausencia de la advertencia de ese derecho. *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965); *Pueblo* v. *Adorno Lorenzana*, 93 D.P.R. 788 (1966).

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino.