# 2008 DTA 84

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL XI**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

CHRISTIAN E. ORTIZ VÁZQUEZ
Peticionario

Núm. KLCE-08-00735

San Juan, Puerto Rico, a 18 de junio de 2008

Panel integrado por su Presidente, el Juez Rivera Martínez,
el Juez Colón Birriel y la Juez Jiménez Velázquez

Rivera Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

El 29 de mayo de 2008, el señor Christian E. Ortiz Vázquez (en adelante peticionario) presentó un recurso de *certiorari* en el que recurre de la resolución emitida el 28 de abril de 2008 por el Tribunal de Primera Instancia, Sala de Ponce (en adelante TPI). Mediante la misma, se declaró no ha lugar la moción en solicitud de supresión de evidencia presentada por el peticionario.

Luego de evaluar el recurso presentado a la luz de derecho vigente, procedemos a denegar la expedición del mismo.

### I·

Contra el peticionario se presentó una denuncia por infracción a los artículos 5.07 y 6.01 de la Ley de Armas, por hechos ocurridos el 6 de noviembre de 2007, donde se le imputó la posesión de un arma AK-47 y municiones, sin autorización para ello. El 21 de noviembre de 2007 se celebró la vista preliminar, donde se le determinó causa probable para acusar por los delitos imputados.

Así las cosas, el 30 de noviembre de 2007 se presentó acusación contra el peticionario por infracción a los artículos 5.07 y 6.01 de la Ley de Armas. El 1 de febrero de 2008, el peticionario presentó ante el TPI una Moción en Solicitud de Supresión de Evidencia. El 6 de febrero de 2008 se desestimaron las acusaciones bajo la Regla 64(n)(3) de las de Procedimiento Criminal. Ese mismo día se presentaron nuevamente acusaciones contra el peticionario por infracción a los artículos 5.07 y 6.01 de la Ley de Armas.

El 10 de abril de 2008, el peticionario presentó ante el TPI una Moción en Solicitud de Supresión de Evidencia. El Ministerio Público no replicó a dicha solicitud. El 28 de abril de 2008 se celebró la vista evidenciaria para dilucidar la solicitud de supresión de evidencia. En la misma, declaró solamente la agente Nayda M. Rivera Soto que, en lo pertinente, [1] manifestó que mientras transitaba por la Carretera Número 1 en dirección de oeste a este y por el carril izquierdo, al llegar a la intersección por la avenida Los Caobos de Ponce

en unión al Agte. Remi Ruiz, observó un vehículo que transitaba por el carril del Solo. Este vehículo rebasó la luz y cambió de carril, del Solo al izquierdo indebidamente. Al detener el vehículo le pidió la licencia y la registración del mismo. El conductor resultó ser Christian E. Ortiz Vázquez. Éste le indicó que tenía licencia de Florida, no de Puerto Rico, porque llevaba poco tiempo aquí y a lo mejor volvía a Estados Unidos. La agente le indicó que pasara a la División Tránsito que estaba cerca y se comunicó con radio patrulla con el retén de turno para que verificara el seguro social, el cual hizo las gestiones. Cuando llamó al cuartel le informó que aparecía un "*warrant*", por lo que se comunicaron con la división de extradiciones quienes le informaron que tenían una orden de arresto contra el joven Ortiz Vázquez. Le informó al peticionario que se iba a arrestar y éste salió corriendo y fue arrestado más adelante, leyéndole las advertencias de ley. Al hacer el inventario PPR-128 del vehículo en presencia del arrestado y abrir el baúl para ver si tenía neumático de repuesta, el cual es uno de los encasillados de la PPR-128, observó un bulto negro con una maya transparente donde se notaba una cacha de arma de fuego color marrón y al verificar, se encontró una AK-47, número de serie 9451178, modelo Shorters, calibre 7.62, cuatro peines de rifle, uno de ellos tenía cuatro balas y el otro cinco balas, un peine 9mm, 112 balas de .45 y 86 balas de rifle.

Luego de escuchada la prueba y las argumentaciones presentadas por las partes, el TPI declaró no ha lugar la solicitud de supresión de evidencia.

De esta resolución, el peticionario recurre ante nos y plantea el siguiente señalamiento de error:

"*Erró el Tribunal de Primera Instancia en declarar no ha lugar la Moción en Solicitud de Supresión de Evidencia presentada por el peticionario.*"

## II

El Artículo II, Sección 10 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico dispone, en lo pertinente, que no se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables; que sólo se expedirán mandamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse y las personas a detenerse o las cosas a ocuparse, y que la evidencia obtenida en violación de esta sección será inadmisible en los tribunales. 1 L.P.R.A. Es en virtud de este mandato constitucional que, de ordinario, queda prohibido el arresto de personas o registros o allanamientos sin una previa orden judicial, apoyada la misma en una determinación de causa probable por un foro judicial. *Pueblo v. Calderón Díaz*, 156 D.P.R. 549 (2002).

Se considera que son tres (3) los objetivos básicos de esta disposición constitucional: el proteger la intimidad y la dignidad de los seres humanos, amparar sus documentos y otras pertenencias e interponer la figura del juez entre los funcionarios públicos y la ciudadanía para ofrecer mayor garantía de razonabilidad a la intrusión. Véase: *Pueblo v. Meléndez Rodríguez*, 136 D.P.R. 587, 597 (1994); *Pueblo v. Martínez Torres*, 120 D.P.R. 496, 500 (1988), citando a *E.L.A. v. Coca Cola Bott. Co.*, 115 D.P.R. 197, 207 (1984); *Pueblo v. Dolce*, 105 D.P.R. 422, 429-431 (1976).

A tenor con lo expuesto anteriormente, en Puerto Rico impera la norma general de que todo registro, allanamiento o incautación que se realice sin que medie una orden de un magistrado, se presume ilegal y/o irrazonable y, por ende, la evidencia producto del mismo no puede ser utilizada en un proceso judicial. *Pueblo v. Calderón Díaz, supra; Pueblo v. Malavé González*, 120 D.P.R. 470, 476-477 (1988). Es al Ministerio Público a quien le compete rebatir dicha presunción mediante la presentación de prueba sobre las circunstancias especiales que requirieron esa intervención. *Pueblo v. Cruz Torres*, 137 D.P.R. 42, 47 (1994); *Pueblo en interés del menor N.R.O.*, 136 D.P.R. 949, 961 (1994). En tales casos, el fiscal viene obligado a probar que el registro realizado fue legal y razonable y así también, como paso previo, el arresto, debiendo presentar prueba sobre las circunstancias especiales que le permitieron actuar sin orden. *Pueblo v. Ramos Santos*, 132 D.P.R. 363, 370

(1992); *Pueblo v. Martínez Torres, supra.*

Uno de los mecanismos de ley creados para proteger a los ciudadanos contra los registros y allanamientos irrazonables es el contemplado en la Regla 234 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234, la cual regula lo relativo a cómo solicitar y adjudicar una solicitud de supresión de evidencia. Esta regla establece lo siguiente:

*"REGLA 234. ALLANAMIENTO; MOCIÓN DE SUPRESIÓN DE EVIDENCIA*

*La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:*

*(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.*

*(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.*

*(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.*

*(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.*

*(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.*

*(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.*

*En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostenga el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista...".* (Énfasis suplido.)

Por lo tanto, al cuestionarse la validez de un arresto o registro, sin orden, en una moción de supresión de evidencia, le corresponde al Ministerio Público el peso de la prueba para establecer la validez y legalidad de la intromisión estatal. *Pueblo v. Calderón Díaz, supra,* a las págs. 935-936.

El tribunal está facultado para aquilatar la credibilidad de los testigos que declaren en la vista de supresión, ya que ello es inherente a la función que tiene que realizar el tribunal cuando opta por celebrar una vista evidenciaria para oír prueba sobre *"cualquier cuestión de hecho necesaria para la resolución de la solicitud".* *Pueblo v. Bonilla Romero,* 120 D.P.R. 92, 109 (1987); *Rodríguez Muñoz v. Jefe Penitenciaría,* 94 D.P.R. 201, 203 (1967).

En *Pueblo v. González Rivera,* 100 D.P.R. 651 (1972), el Tribunal Supremo adoptó por referencia las circunstancias en que se permite que se dispense del requisito de la orden judicial previa, según expuestas por la jurisprudencia del Tribunal Supremo federal. Una de dichas situaciones es aquélla en la cual el vehículo ha sido confiscado y el registro posterior del vehículo está relacionado con la razón por la cual se arrestó a su ocupante. *Pueblo v. González Rivera, supra.*

En *Cooper v. State of California*, 386 U.S. 58 (1967), el Tribunal Supremo federal dejó sentadas las bases para convalidar registros como parte de un procedimiento rutinario de hacer un inventario de los objetos que hayan dentro de un vehículo que por ley la policía debe mantener bajo su control en espera de que se lleve a cabo un procedimiento de confiscación. *Pueblo v. Rodríguez Rodríguez*, 128 D.P.R. 438, 448 (1991).

Posteriormente, dicha excepción fue ampliada por el Tribunal Supremo federal. En *South Dakota v. Opperman*, 428 U.S. 364 (1976), la Policía, siguiendo normas departamentales, procedió a realizar un inventario del contenido de un automóvil que había sido ocupado por meras infracciones a leyes de estacionamiento. En la realización del inventario, la Policía abrió la guantera del vehículo y descubrió marihuana. En consecuencia, Opperman fue arrestado y acusado por posesión de marihuana. La moción para supresión de evidencia presentada por éste fue denegada, resultando convicto. El Tribunal Supremo de Dakota del Sur revocó el veredicto de culpabilidad concluyendo que la evidencia fue obtenida en violación de la Cuarta Enmienda de la Constitución federal. *State v. Opperman*, 228 N.W. 2d 152 (1975).

El Tribunal Supremo de Estados Unidos revocó la anterior decisión al sostener que un registro tipo inventario (warrantless inventory) no constituía un registro irrazonable en violación de la Cuarta Enmienda y que no requería determinación previa de causa probable por no ser un registro en busca de evidencia delictiva en el transcurso de una investigación criminal. *Pueblo v. Rodríguez Rodríguez, supra.*

En *Pueblo v. Rodríguez Rodríguez, supra*, el Tribunal Supremo de Puerto Rico expresó que coincidía plenamente con el Tribunal Supremo federal en cuanto a que los registros *"tipo inventario"* resultaban ser necesarios para la eficiente y sana administración de un sistema de justicia criminal. Además, expresó lo siguiente:

*"No tenemos duda alguna que un registro de esta naturaleza, realizado en relación con vehículos de motor o cualquier otra clase de propiedad sujeta a incautación y confiscación bajo las leyes pertinentes de nuestro ordenamiento o que se lleva a cabo en relación con las pertenencias de una persona que ha sido arrestada y va a ser ingresada en una institución penal, efectivamente tiene el resultado positivo de proteger tanto los intereses del ciudadano dueño de dicha propiedad como del Estado."* (Énfasis suplido.)

*Pueblo v. Rodríguez Rodríguez, supra.*

El referido foro resolvió, en consecuencia, que el registro *"tipo inventario"* constituye una de las *"excepciones"* al mandato constitucional contenido en la Sec. 10 del Art. II de la Constitución de Puerto Rico, *supra*, que requiere la obtención de una orden judicial antes de procederse a la realización de un registro. *Pueblo v. González Rivera, supra; Pueblo v. Rodríguez Rodríguez, supra.*

Para analizar la validez de un registro tipo inventario se utilizan criterios diferentes a los de causa probable. A estos efectos, el Tribunal Supremo ha expresado que este tipo de registro *"no requiere una determinación previa de causa probable, ya que no se realiza en busca de evidencia delictiva en el transcurso de una investigación criminal."* *Pueblo v. Sánchez Molina*, 134 D.P.R. 577 (1993).

En casos de registro de vehículos de motor sujetos a confiscación, la principal obligación del Ministerio Público es convencer al foro judicial, mediante prueba satisfactoria a esos efectos, de que el registro en controversia fue realizado por los agentes del Estado con el legítimo objetivo de hacer un inventario de la propiedad existente y así salvaguardar la misma en beneficio y protección tanto del acusado como del Estado. Esto es, el Ministerio Público debe demostrar que el registro *"tipo inventario"* no constituye un mero pretexto o subterfugio para encubrir la búsqueda ilegal de evidencia incriminatoria contra el acusado. *Pueblo v. Rodríguez Rodríguez, supra.*

Para demostrar lo anterior, el Ministerio Público debe probar: (1) que procede *prima facie* la incautación preliminar para confiscar la propiedad, (2) que existe un procedimiento administrativo que establece guías apropiadas para el registro, y (3) que se siguió estrictamente el procedimiento establecido. *Pueblo v. Sánchez Molina, supra.*

Además de lo anterior, es preciso traer a colación otros aspectos de interés en lo que atañe a la naturaleza de la vista de supresión de evidencia. Sobre el particular se ha expresado que una vista donde se discute una moción de supresión de evidencia no es el *"acto del juicio"* que contempla nuestro ordenamiento jurídico. *Pueblo v. Rivera Rivera,* 117 D.P.R. 283, 289 (1986). Se interpreta por lo anterior que en la vista de supresión de evidencia no está en controversia la culpabilidad o inocencia del acusado, lo único que tiene que determinarse es la legalidad o razonabilidad del registro realizado. *Id.* También, conviene señalar que se ha resuelto que como regla general, la solicitud y vista sobre supresión de evidencia deberá celebrarse antes del juicio, pero que la solicitud, aun cuando se haya presentado y denegado previamente, puede reproducirse en el acto del juicio si de la prueba de cargo surge la ilegalidad del registro. *Id.* a la pág. 290. Agréguese a lo anterior que el *quántum* de prueba requerido en una vista de supresión de evidencia es el de la preponderancia de la prueba. E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Ed. Forum, 1991, Vol. I, pág. 333.

Respecto a los testimonios estereotipados, se ha resuelto que en nuestra jurisdicción, *"el uso de declaraciones estereotipadas por cualquier tipo de testigo, en este caso, agentes del orden público, debe ser objeto de escrutinio riguroso para evitar que declaraciones falsas e inexactas, vulneren derechos de ciudadanos inocentes".* *Pueblo v. Acevedo Estrada,* 150 D.P.R. 84, 93 (2000).

El testimonio estereotipado ha sido definido como aquel que se ciñe a establecer *"... los elementos mínimos necesarios para sostener un delito sin incluir detalles imprescindibles para reforzarlos".* *Id.; Pueblo v. Rivera Rodríguez,* 123 D.P.R. 467, 480 (1989); *Pueblo v. Almodóvar,* 109 D.P.R. 117, 125 (1979); *Pueblo v. González del Valle,* 102 D.P.R. 374, 377 (1974).

Los criterios que deben usar los tribunales para evaluar la credibilidad del testimonio estereotipado, a saber: (1) debe escudriñarse con especial rigor; (2) tanto los casos de evidencia abandonada como los casos de evidencia ilegal a plena vista deben, en ausencia de otras consideraciones, inducir sospecha de la posible existencia de testimonio estereotipado; (3) si el testimonio es inherentemente irreal o improbable debe ser rechazado; (4) el testimonio estereotipado puede perder su condición de tal si, yendo más allá de los datos indispensables para probar lo requisitos mínimos de un delito, se le rodea de las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámites y otros detalles; (5) la presencia de contradicciones, algunas o vaguedades en el testimonio debe tender a reforzar el recelo conque hay que escuchar esta clase de contradicciones; (6) el peso de la prueba de librar el testimonio de sospecha recae en el fiscal. *Pueblo v. Rivera Rodríguez, supra,* a las págs. 480-481; *Pueblo v. González del Valle,* 102 D. P.R. 374, 378 (1974). (Énfasis nuestro.)

Un testimonio honesto no puede calificarse de estereotipado por el simple hecho de que exponga unas realidades fácticas que puedan formar parte del comportamiento usual y de las reacciones de algunas personas al confrontarse con agentes del orden público. *Pueblo v. Espinet Pagán,* 112 D.P.R. 531, 536 (1982).

Por último, en nuestra jurisdicción es norma reiterada que la apreciación de la prueba hecha por el foro primario merece gran deferencia por parte de un tribunal apelativo. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, los tribunales apelativos no intervendrán con la apreciación de la prueba hecha por el Tribunal de Primera Instancia. *Pueblo v. Maisonave Rodríguez,* 129 D.P.R. 49, 62-63 (1991).

De igual forma es doctrina firmemente establecida en nuestro ordenamiento que los juzgadores de hechos

merecen gran respeto y confiabilidad en la apreciación imparcial de la prueba, pues éstos gozan de la oportunidad de ver y escuchar directamente a los testigos. *Pueblo v. Acevedo Estrada, supra,* a la pág. 99; *Pueblo v. Maisonave Rodríguez, supra.*

### III

En el presente caso, la agente Nayda M. Rivera Soto intervino con el peticionario por una infracción a la Ley de Tránsito. De dicha intervención surge que el peticionario no tenía licencia de conducir de Puerto Rico y la agente, por medio de su patrulla, solicitó verificación del número de seguro social provisto por el peticionario. Esta intervención no justificaba un arresto ni un registro, y es por ello que ante la proximidad del Cuartel, la oficial instruye al peticionario que conduzca hasta la estación de policía, a los fines de esperar en el cuartel por la verificación de su seguro social.

Una vez en la estación de policía, se le indicó a la agente Rivera Soto que se desprendía del seguro social del peticionario que había un *"warrant"* en su contra, por lo que se comunicaron con la división de extradiciones y ésta le informó que había una orden de arresto contra el peticionario del Estado de Florida. Es en este momento que la agente Rivera Soto le informa al peticionario sus hallazgos y que lo va a arrestar cuando éste intentó huir y es arrestado en el propio cuartel. Una vez arrestado, válidamente la policía procede a realizar un registro tipo inventario en el vehículo de motor de éste. Para ello, se utilizó el formulario PPR-128. Mientras la agente Rivera Soto cumplimentaba el formulario abrió el baúl, en presencia del peticionario, a los fines de cumplimentar el encasillado del formulario relativo a goma de repuesta y observó el arma de fuego. Se ha resuelto que el formulario PPR-128 cumple con las guías específicas requeridas para establecer como válido un registro tipo inventario. *Pueblo v. Sánchez Molina, supra.*

En virtud de lo anterior, concluimos que a la luz del *"quántum"* de prueba requerida, preponderancia de prueba, el registro tipo inventario fue legal y razonable, por lo que el error señalado no fue cometido.

Por los fundamentos antes esbozados, denegamos la expedición del recurso.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2008 DTA 84**

**1.** Conforme se desprende del recurso y de *"For the Record"*.