EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX L. MELÉNDEZ ROLÓN, acusado y apelante.

*Número* : CR-71-164      *Resuelto*: 19 de mayo de 1972

*Rubén Rivera Ramos,* abogado del apelante; *Gilberto Gierbolini, Procurador General, y Rurico E. Rivera Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado y convicto por el delito de conducir un vehículo en estado de embriaguez (Sec. 5-801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041). Fue sentenciado a pagar una multa de $200. En adición se le suspendió la licencia por el término de un año y por un término adicional de seis meses por su negativa injustifi-

cada a someterse a uno de los análisis químicos dispuestos por ley, retroactivo este último término a la fecha de la ocupación de la licencia.

Se señala como error que la prueba fue insuficiente y que la misma debió crear una duda razonable en la mente del juzgador.

La prueba de cargo consistió exclusivamente del testimonio del policía José A. Colón Cortés. Éste declaró: que el 19 de noviembre de 1970 mientras patrullaba la carretera número 2 en el área de Vega Baja observó que el automóvil del acusado, conducido por éste, iba dando "zig-zags" por lo que procedió a detenerlo; que al acercarse al conductor para pedirle la licencia notó que "expelía olor a bebidas embriagantes"; que de primera intención el acusado-apelante no pudo localizar su licencia pero luego la mostró al encontrarse en el automóvil de patrulla; que al pedirle al apelante que bajara de su automóvil éste apenas pudo hacerlo teniendo el agente que abrirle la puerta; que ya fuera del automóvil no podía sostenerse en sus pies teniendo que recostarse. El policía relatando que le informó del estado de embriaguez en que se encontraba y lo invitó a que se sometiera voluntariamente a los exámenes de sangre u orina, a lo que el apelante se negó. Junto con el apelante se encontraba su hermano quien según el agente también se encontraba bajo los efectos de bebidas embriagantes. Testificó además el policía que encontró en el automóvil una botella de ron Don Q a la cual le faltaban como dos dedos. Les preguntó que de quién era la botella y ellos le explicaron que habían estado bebiendo. No supo dónde estaba la botella el día del juicio ya que la misma se le olvidó y se quedó en el auto.

Como testigo de defensa testificó Gilberto Vázquez, Supervisor de Fisioterapia del Hospital de Veteranos. Éste declaró: que el 19 de noviembre de 1970 vio al acusado en dicho hospital donde fue a someterse a tratamiento de calor a una rodilla y a una serie de ejercicios para corregir una deformidad que tenía como resultado de una reciente operación en la ro-

dilla; que el acusado estuvo allí de dos a cuatro de la tarde; que el acusado había estado caminando con bastón por algún tiempo después de la operación; que al caminar reflejaba un poco de inacción en la rodilla al salir del tratamiento; y que a las cuatro de la tarde personalmente le firmó la tarjeta cuando el acusado apelante salió del hospital.

El acusado declaró que es maestro de Instrucción Pública desde hace 15 años. El 19 de noviembre de 1970 llegó al Hospital de Veteranos a darse tratamiento en su pierna a eso de las dos menos cuarto de la tarde. Después del tratamiento se sintió peor que en otras ocasiones porque le habían aumentado el peso a las pesas que se utilizan en el tratamiento de tracción, de seis libras a doce libras, las cuales tenía que levantar con la pierna, y que había hecho ejercicio en una bicicleta fija. Se sintió con mucho dolor y tomó dos pastillas de compuesto de Darbon, en lugar de una que tomaba en ocasiones anteriores. Salió del hospital a las "cuatro y pico" y el policía lo detuvo "como a las cinco menos cuarto". En el camino recogió a su hermano en Vega Alta, quien llevaba una botella de Don Q en un sobre. Inquirido sobre si había tomado ese día el acusado señaló que no había ingerido ya que no puede tomar debido a las píldoras que había tomado. Admitió, sin embargo, que su hermano había tomado. Respecto a que estuviera dando zig-zags con el automóvil, dijo que era posible porque estaba frenando con el pie izquierdo ya que no podía mover el derecho que era la pierna afectada, y que además no conocía el automóvil por ser prestado. Declaró también el acusado-apelante que cuando el policía los detuvo le dijo al policía que si no veía que estaba enfermo de una pierna y el policía le ordenó que se callara. Dijo además que el policía no le dijo nada sobre los análisis químicos ya que sólo le dijo que se callara.

La prueba aportada por el fiscal consistió del testimonio del policía. El mismo se limitó a establecer estrictamente la primera observación que hizo del acusado al momento de la detención. Tampoco el policía describe la conducta o proceder del

acusado apelante después de su detención y mientras estuvo en su compañía. No deja de impresionarnos la prueba de defensa al efecto de que el acusado apelante acababa de recibir tratamiento doloroso en el Hospital de Veteranos, el hecho de que sentía dolor y que tenía dificultad al caminar, lo que podría explicar algunas de las observaciones que hizo el policía y que le movieron a creer que el apelante se encontraba bajo los efectos del alcohol. Es significativo que el acusado apenas tuvo tiempo para llegar a Vega Alta, donde fue detenido, ya que salió del Hospital de Veteranos en las cercanías de Río Piedras, un poco después de las cuatro y fue detenido a las cinco menos cuarto en Vega Alta. Normalmente no intervenimos con la apreciación de la prueba del tribunal sentenciador. En este caso, sin embargo, hemos examinado cuidadosamente el testimonio de los testigos y un análisis de los mismos nos mueve a concluir que no se estableció la culpabilidad del acusado más allá de toda duda razonable. Véanse, *Pueblo* v. *Rivera Arroyo*, 100 D.P.R. 46 (1971); *Pueblo* v. *Díaz Just*, 97 D.P.R. 59 (1969); *Pueblo* v. *Toro Rosas*, 89 D.P.R. 169 (1963).

La suspensión adicional de la licencia por el término de seis meses por la negativa del acusado apelante a someterse a los análisis químicos se hizo retroactiva a la fecha de su ocupación, por lo que cualquier planteamiento en relación con dicha suspensión resulta académica.

*Se revocará la sentencia apelada y se absolverá al acusado.*

El Juez Presidente, Señor Negrón Fernández, no intervino.