<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI</td></tr>
<tr><td>EL PUEBLO DE PUERTO RICO<br><br>APELADO<br><br>v.<br><br>STEPHAN ANTHONY MAYR<br><br>APELANTE</td><td>KLAN202400840</td><td>*Apelación* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Casos Núm.:<br>FTR2024-0237<br>FMG2024M0081<br><br>Sobre:<br>Art. 5.07 Ley 22;<br>CP Art. 246 E<br>Menos Grave (2012)</td></tr>
</table>

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Comparece ante este foro intermedio el señor Stephan Anthony Mayr (Sr. Mayr; apelante) mediante el recurso de apelación criminal de epígrafe y nos solicita que revoquemos la *Sentencia Enmendada* emitida por el Tribunal de Primera Instancia, Sala de Carolina (TPI) el 16 de septiembre de 2024 y notificada el 19 de septiembre de 2024. En el referido dictamen el apelante fue hallado culpable y convicto por infracciones al Artículo 5.07 de la Ley de Vehículos y Tránsito de Puerto Rico (Ley 22-2000) y el Artículo 246 (e) del Código Penal de Puerto Rico.[1]

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia Enmendada* apelada.

**I**

Por hechos acontecidos el 1 de abril de 2024, el Sr. Mayr fue detenido y arrestado luego de una persecución vehicular ocurrida en tal fecha. Como consecuencia de lo anterior, el Ministerio Público (Estado; apelado) presentó denuncias contra el Sr. Mayr por infringir los Artículos 5.07 y 3.23 de la Ley 22-2000 y el Artículo 246 (e) del Código Penal. La

---

[1] Apéndice del recurso, págs. 1-2. La *Sentencia* inicialmente emitida con el fallo condenatorio por el cual se apela contenía un error de fecha, por lo que posteriormente se emitió una *Sentencia Enmendada* a los fines de corregir dicho error.

Número Identificador
SEN2025_____

denuncia referente a la infracción al Artículo 246 (e) del Código Penal, expone los hechos ocurridos como sigue:

> [STEPHAN] ANTHONY MAYR, en fecha y hora antes mencionada, en [la] Avenida Paseo [de] [l]os Gigantes frente al Residencial Sabana Abajo en Carolina, Puerto Rico, que forma parte de la [j]urisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de Carolina, ilegal, a propósito y con conocimiento, resistió y obstruyó el ejercicio de la autoridad pública Policía Municipal de Carolina, al huir violentamente al ser intervenido por el PM Emmanuel José Bahamundi Requena, placa #074, quien [es] un funcionario del orden público, consistente en que el imputado luego de ser intervenido por violación a la Ley 22, desobedeció las [ó]rdenes del Agente Bahamundi y huyó en el vehículo de motor marca Hyundai, modelo Accent, año 2022, tablilla KAU-851 a toda velocidad, iniciándose una persecución en Carolina que terminó en Fajardo.[2]

Por otro lado, los hechos que dieron pie a la denuncia por infracción al Artículo 3.23 de la Ley 22-2000 son los siguientes:

> [STEPHAN] ANTHONY MAYR, EN FECHA Y HORA ANTES MENCIONADA, EN [LA] AVENIDA PASEO [DE] LOS GIGANTES FRENTE AL RESIDENCIAL SABANA ABAJO EN CAROLINA, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA DE CAROLINA, ILEGAL, A PROPÓSITO Y CON CONOCIMIENTO, CONDUCÍA EL VEHÍCULO DE MOTOR MARCA HYUNDAI, MODELO ACCENT, AÑO 2022, TABLILLA KAU-851, POR LA MENCIONADA DIRECCIÓN, LA CUAL ES UNA VÍA PÚBLICA DE PUERTO RICO, SIN ESTAR AUTORIZADO POR EL HON. SECRETARIO DEL DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS.[3]

La última denuncia, por infracción al Artículo 5.07 de la Ley 22, expone los hechos ocurridos como siguen:

> [STEPHAN] ANTHONY MAYR, EN FECHA Y HORA ANTES MENCIONADA, EN [LA] AVENIDA PASEO [DE] LOS GIGANTES FRENTE AL RESIDENCIAL SABANA ABAJO EN CAROLINA, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA DE CAROLINA, ILEGAL, A PROPÓSITO Y CON CONOCIMIENTO, CONDUCÍA EL VEHÍCULO DE MOTOR MARCA HYUNDAI, MODELO ACCENT, AÑO 2022, TABLILLA KAU-851, LA CUAL ES UNA VÍA PÚBLICA DE PUERTO RICO, HACIENDO ESTO DE FORMA IMPRUDENTE O NEGLIGENTEMENTE TEMERARIA, CORRIENDO A ALTA VELOCIDAD, REALIZANDO CAMBIOS DE CARRILES INDEBIDO, SIN TOMAR LAS DEBIDAS PRECAUCIONES, REBASANDO LOS SEMÁFOROS Y TRANSITANDO POR EL PASEO.[4]

---

[2] Apéndice del recurso, pág. 12.
[3] Apéndice del recurso, pág. 14.
[4] Apéndice del recurso, pág. 18.

El TPI halló causa para arresto por los tres delitos menos graves imputados luego de escuchar el testimonio del Agente Emmanuel José Bahamundi Requena (Agte. Bahamundi; testigo) quien fue el funcionario del orden público que presenció los hechos descritos anteriormente y realizó el arresto del Sr. Mayr.[5] Se señaló vista para el 1 de mayo de 2024; no obstante, fue el día 13 de agosto de 2024 que se celebró el juicio en su fondo y compareció como único testigo el Agte. Bahamundi. Según consta en la Transcripción de Prueba Oral Estipulada (TPOE) el Agte. Bahamundi prestó las siguientes declaraciones en sala durante el interrogatorio directo realizado por el Juez Superior, Honorable Eduardo Otero Ortiz, como sigue:

> **R.** Sí, Juez. Escuché por la radiofrecuencia de la Policía Municipal de Carolina que en la Urbanización Los Ángeles se habían este… mediante apropiación ilegal, se habían este… eh… llevado un vehículo de motor. Es… Escuché que es fue un Hyundai Accent color rojo con la tablilla K-A-U ocho cinco uno (851), del año veinte veintidós (2022) y que era cuatro (4) puertas.
>
> En ese momento, pues eh… yo me encontraba patrullando eh… por la Avenida Paseo Los Gigantes, específicamente, Juez, por el Residencial este… Sabana Abajo, aquí en la jurisdicción de Carolina. Y cuando escuché lo del vehículo antes descrito Honorable, frente a mí observo el vehículo con las mismas características que escuché por la frecuencia de la policía.[6]
>
> […]
>
> **R.** Al ver ese vehículo de motor con las mismas características, incluyendo la tablilla eh… Juez encendí biombo y sirena para detener el vehículo. Eh… Observo el conductor. Observé que es de tez blanca, que el señor está aquí a la izquierda, Juez.
>
> **HONORABLE JUEZ:** Para fines de récord, que señala sí el imputado y que responde al nombre de Stephan Anthony Mayr.
>
> […]
>
> **R.** Observé que el vehículo aumentó la velocidad, haciendo un viraje hacia la izquierda, a la Calle San Marcos. Eh… Yo seguí detrás del vehículo con biombo y sirena pa' que se detuviera. Observé que transitó la Calle San Marcos hasta la Carretera #30, Intersección con la San Marcos. Ahí observé que hizo una izquierda pasándose el semáforo de luces y señales de tránsito con luz roja.[7] […]

---

[5] Apéndice del recurso, págs. 10-21.
[6] Transcripción de Prueba Oral Estipulada (TPOE), pág. 17, líneas 9-24.
[7] TPOE, págs. 18-19, líneas 23-24 y 1-20.

[…]

**R.** Juez, seguí detrás del vehículo. Seguimos hasta el Hospital UPR. Observé que lo hacía con el menosprecio de la seguridad de las personas. Al llegar al Hospital UPR, utilizó el área del paseo. Yo seguía detrás de ese vehículo con el mecanismo de biombo y sirena.[8]

[…]

**R.** Así sucesivamente, Juez, seguí detrás del vehículo. Inclusive, utilizaba el altoparlante de la patrulla, que se detuviera. El caballero hacía caso omiso. Yo seguía detrás del señor en la persecución, Honorable. Pasamos Los Colobos eh… en persecución. Llegué hasta el pueblo de Canóvanas, Honorable, pasando múltiples semáforos eh… con luz roja. Seguía conduciendo con el menosprecio de la seguridad…

**P.** ¿Quién…? ¿Quién estaba pasando esos semáforos con luz roja?

**R.** El caballero aquí presente.

**P.** Okey. ¿Y entonces qué… qué seguía?

**R.** Yo seguí detrás de este caballero en la persecución policial sin perderlo de vista. No obstante, Juez, seguí detrás de él hasta el pueblo de Río Grande, Honorable, en persecución detrás de ese señor. Eh… El señor[,] yo seguía hablándole por el altoparlante de la patrulla, que se detuviera, pero observaba que hacía caso omiso.

Se unieron otras patrullas que pude observar, del Municipio de Río Grande, de la Policía Municipal, en la persecución. Eh… Yo seguía detrás de este caballero informando por dónde yo iba, Honorable, dando toda la información por la frecuencia de… de la Policía Municipal de Carolina para que los otros policías supieran por dónde yo iba.

Honorable, no obstante[,] eh… llegamos hasta el pueblo de Fajardo, específicamente, al kilómetro [cuarenta y tres] punto seis (43.6), Juez, donde ahí el señor presente aquí chocó varios vehículos por la parte posterior. Y ahí pues por los impactos del accidente, que chocó a otro ciudadano, pues el vehículo se detuvo ahí.[9]

Luego del testigo haber sido contrainterrogado por la defensa y el redirecto por parte del fiscal, las partes presentaron sus argumentaciones finales. El juez entonces emitió su fallo condenatorio y halló culpable al apelante por infringir el Artículo 5.07 de la Ley 22-2000 y el Artículo 246 (e) del Código Penal vigente. Como pena impuso dos multas por $500

---

[8] TPOE, pág. 20, líneas 13-19.
[9] TPOE, págs. 21-22, líneas 9-24 y 1-17.

cada una e impuso una pena especial de $100 por cada delito.[10] De igual manera indicó que "[s]i la pena de multa no fuera satisfecha, se convertirá en un (1) día de cárcel por cada cincuenta dólares ($50.00) que deje de pagar".[11] Por otro lado, ese mismo 13 de agosto de 2024, el juez emitió una *Sentencia* donde halló No Culpable al Sr. Mayr por el delito imputado de infracción al Artículo 3.23 de la Ley 22-2000. Dicho dictamen fue notificado también el 27 de agosto de 2024.[12] Posteriormente, el 16 de septiembre de 2024 y notificada el 19 de septiembre de 2024, fue emitida una *Sentencia Emendada* a los fines de rectificar un error de fecha en la *Sentencia* originalmente notificada.

Inconforme con los fallos condenatorios de culpabilidad, el Sr. Mayr acude ante nosotros y realiza los siguientes señalamientos de error:

> Primer Error: Err[ó] el Honorable Tribunal Superior de Primera Instancia (Tribunal de Derecho) al declarar culpable al Sr. Mayr, cuando la prueba de cargo no estableció su culpabilidad más allá de duda razonable en violación al derecho de presunción de inocencia y el debido proceso de ley.

> [Segundo] Error: Err[ó] el Honorable Tribunal de Primera Instancia (Tribunal de Derecho) al declarar culpable al Sr. Mayr. Basándose únicamente en el testimonio del agente del orden público, quien intervino a raíz de motivos fundados transferidos. Ello violándole al Sr. Mayr el derecho constitucional de confrontar al alegado testigo que origin[ó] la cadena de eventos; que utiliz[ó] el agente interventor como motivos fundados transferidos para intervenir con el alegado sospechoso de delito.

El 18 de diciembre de 2024, emitimos una *Resolución* en la cual se admitió la Transcripción de la Prueba Oral Estipulada (TPOE) y se concedieron términos a las partes para presentar sus alegatos, haciendo referencia a la TPOE, de entenderlo necesario. El 17 de enero de 2025, la parte apelante presentó su alegato mediante el escrito titulado *Apelación* y el 18 de marzo de 2025, la parte apelada presentó el escrito titulado *Alegato de El Pueblo*, por lo que el recurso quedó perfeccionado y listo para su adjudicación.

---

[10] Apéndice del recurso, págs. 7-8.
[11] Apéndice del recurso, pág. 5.
[12] Apéndice del recurso, págs. 3-4.

**II**

**A**

La Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 11, consagra la presunción de inocencia como uno de los derechos fundamentales de todo acusado. El Tribunal Supremo de Puerto Rico ha establecido que esta constituye uno de los imperativos del debido proceso de ley. Véase, *Pueblo v. León Martínez*, 132 DPR 746, 764 (1993); *Pueblo v. Irizarry*, 156 DPR 780, 786 (2002).

En casos de naturaleza criminal la función revisora del Tribunal de Apelaciones consiste en evaluar si se derrotó la presunción de inocencia del acusado y si su culpabilidad fue probada por el Estado, más allá de duda razonable, luego de haberse presentado "prueba respecto a cada uno de los elementos del delito, su conexión con el acusado y la intención o negligencia criminal de este último". *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000).

En *Pueblo v. Irizarry*, *supra*, a las págs. 788-789, el Tribunal Supremo pautó lo siguiente:

> No cabe duda que, en el ejercicio de tan delicada función revisora, no podemos abstraernos de las limitaciones que rigen el proceso de evaluación de la prueba por parte de un tribunal apelativo. Al enfrentarnos a la tarea de revisar cuestiones relativas a convicciones criminales, siempre nos hemos regido por la norma a los efectos de que la apreciación de la prueba corresponde, en primera instancia, al foro sentenciador por lo cual los tribunales apelativos sólo intervendremos con dicha apreciación cuando se demuestre la existencia de pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Maisonave*, 129 DPR 49 (1991). Sólo ante la presencia de estos elementos y/o cuando la apreciación de la prueba no concuerde con la realidad fáctica o ésta sea inherentemente imposible o increíble, *Pueblo v. Acevedo Estrada*, [*supra*], y casos allí citados, habremos de intervenir con la apreciación efectuada.
>
> Ello, no obstante, en casos penales debemos siempre recordar que el referido proceso analítico tiene que estar enmarcado, por imperativo constitucional, en el principio fundamental de que la culpabilidad del acusado debe ser probada más allá de toda duda razonable. *Pueblo v. Carrasquillo Carrasquillo*, [102 DPR 545, 552 (1974)]. En consecuencia, 'y aun cuando ello no ocurre frecuentemente, hemos revocado sentencias en las cuales las determinaciones de hecho, aunque sostenidas por la prueba desfilada, no establecen la culpabilidad del acusado más allá de duda razonable'. *Pueblo v. Acevedo Estrada, supra*, pág.

100; *Pueblo v. Meléndez Rolón*, 100 DPR 734 (1972); *Pueblo v. Rivera Arroyo*, 100 DPR 46 (1971). No hemos vacilado en dejar sin efecto un fallo inculpatorio cuando el resultado de ese análisis 'nos deja serias dudas, razonables y fundadas, sobre la culpabilidad del acusado'. *Pueblo v. Carrasquillo Carrasquillo, supra,* pág. 551.

La Regla 110 de Procedimiento Criminal establece que: "[e]n todo procedimiento criminal, se presumirá inocente al acusado, mientras no se pruebe lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá". 34 LPRA Ap. II, R. 110. Es decir, el mandato constitucional determina, a su vez, el *quantum* de la prueba exigida en casos criminales, ya que la presunción de inocencia solo puede derrotarse con prueba que establezca la culpabilidad del acusado más allá de duda razonable. Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110(F). Por ello, todos los elementos del delito, así como la conexión del acusado con los hechos que se le imputan tienen que demostrarse con ese *quantum* de prueba. Véase, *Pueblo v. Bigio Pastrana*, 116 DPR 748, 761 (1985); *Pueblo de Puerto Rico en interés del menor F.S.C.*, 128 DPR 931, 941 (1991); *Pueblo v. Irizarry*, *supra*, pág. 787.

El acusado no tiene obligación alguna de aportar prueba para defenderse y puede descansar plenamente en la presunción de inocencia que le asiste. Véase *Pueblo v. Rosaly Soto*, 128 DPR 729, 739 (1991); *Pueblo v. Irizarry*, *supra*, pág. 787. Es el Estado el que tiene la carga de presentar prueba suficiente y satisfactoria para establecer la culpabilidad del acusado fuera de toda duda razonable. La prueba sobre la culpabilidad del acusado es satisfactoria cuando produce certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Carrasquillo Carrasquillo*, *supra*, pág. 552.

**Esto no quiere decir que la culpabilidad del acusado tiene que establecerse con certeza matemática**. La duda razonable tampoco se refiere a especulaciones del juzgador, sino que es una duda fundada, es decir, "producto del raciocinio de todos los elementos de juicio envueltos" en el caso. Véase *Pueblo v. Cruz Granados*, 116 DPR 3, 21-22 (1984); *Pueblo v. Bigio Pastrana, supra*, pág. 761; *Pueblo v. Irizarry*, *supra*, pág.

788. Es decir, la duda razonable es la insatisfacción de la conciencia del juzgador con la prueba presentada por el Ministerio Público para demostrar la participación del acusado en los hechos delictivos en cuestión. Véase *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986). Ahora, para justificar la absolución de un acusado, la duda razonable debe surgir de manera serena, justa e imparcial, luego de que el juzgador o el jurado considere la totalidad de la evidencia del caso o la falta de suficiente prueba que apoye la acusación.

El Tribunal Supremo ha decidido reiteradamente que los foros apelativos no podríamos confirmar un fallo condenatorio si estamos convencidos de que "...un análisis integral de la prueba no establece la culpabilidad del acusado más allá de duda razonable. Nosotros, al igual que el foro apelado, tenemos no solo el derecho sino el deber de tener la conciencia tranquila y libre de preocupación". *Pueblo v. Irizarry*, *supra*, pág. 790.

Por otro lado, el inciso (D) de la Regla 110 de Evidencia, establece que **la evidencia directa de un testigo que merezca entero crédito al juzgador "es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley"**. (Énfasis nuestro.) 32 LPRA Ap. VI, R. 110 (D). Las determinaciones formuladas por el juzgador de los hechos sobre la credibilidad y la suficiencia de la prueba tienen todo el respeto y deferencia que ordinariamente los foros apelativos le extienden a las determinaciones de hechos. Esto es así porque el juzgador de los hechos está en mejor posición que los foros apelativos para adjudicar la credibilidad de los testigos. Por ello, los tribunales apelativos solamente intervendrán con dichas determinaciones cuando surja en la apreciación de la prueba, que el foro de instancia haya incurrido en error manifiesto, prejuicio o parcialidad. *Pueblo v. Maisonave Rodríguez*, *supra*, págs. 62-63; *Pueblo v. Cabán Torres*, 117 DPR 645, 654 (1986).

La norma de abstención, respeto y deferencia apelativa descansa en que el TPI está en mejor posición para evaluar la prueba desfilada, al

haber tenido de la oportunidad de observar y escuchar a los testigos y, luego, aquilatar el testimonio de éstos y adjudicar la credibilidad que el mismo le haya merecido. *Pueblo v. Cabán Torres, supra*, pág. 654. Aun cuando "existan contradicciones en las declaraciones de un testigo, eso de por sí solo, no justifica que se rechace dicha declaración en su totalidad si las contradicciones no son decisivas y si el resto del testimonio es suficiente para establecer la transacción delictiva, superar la presunción de inocencia y establecer la culpabilidad más allá de duda razonable". *Pueblo v. Ramos Álvarez*, 122 DPR 287, 317 (1988), citando a *Pueblo v. Orellano Gómez*, 92 DPR 546 (1965); véase, también, *Pueblo v. Navarro*, 141 DPR 761, 767 (1996) y *Pueblo v. Torres Rivera*, 137 DPR 630, 641 (1994). Por último, "[n]o debe resolverse un caso por aquellos detalles que no van a la misma médula de la controversia". *Id*., citando a *Pueblo v. Espinet Pagán*, 112 DPR 531 (1982).

**B**

La Constitución del Estado Libre Asociado de Puerto Rico, en la sección 10 del artículo 2, dispone lo siguiente:

> **Sección 10. Registros e incautaciones; intercepción de comunicaciones telefónicas; mandamientos**.
>
> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
>
> No se interceptará la comunicación telefónica.
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.
>
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales. Art. II, Sec. 10 Const. ELA.

Es decir, como regla general, se prohíbe que un funcionario del orden público arreste a un ciudadano sin previa orden judicial fundada en causa probable. No obstante, el mencionado requisito constitucional de orden judicial basada en causa probable no es de carácter absoluto. Así pues, un agente del orden público puede realizar un arresto válido sin orden

judicial en las siguientes circunstancias: (1) cuando se ha cometido un delito en su presencia, (2) cuando se ha cometido un delito grave, haya sido o no en su presencia, y (3) cuando tuviese motivos fundados para creer que la persona ha cometido un delito grave. *Pueblo v. Caraballo*, 187 DPR, 265, 273 (2012), Regla 11 de Procedimiento Criminal, 34 LPRA Ap. II. El Tribunal Supremo reiteradamente ha señalado que el término motivos fundados se refiere a "la posesión de aquella información o conocimiento que lleva a una persona ordinaria y prudente a creer que la persona a ser detenida ha cometido o va a cometer un delito". *Pueblo v. Calderón*, 156 DPR 549, 557 (2002). Así, el concepto de "motivos fundados" es sinónimo del concepto "causa probable" que se emplea con relación a la expedición de la orden de arresto. *Pueblo v. Caraballo, supra,* en la pág. 273.

Se ha resuelto que la existencia de motivos fundados se determina a base de criterios de razonabilidad y probabilidad. *Pueblo v. Ortiz Alvarado*, 135 DPR 41, 47 (1994). Sobre este particular el Supremo ha señalado que "[l]o importante es si el agente que efectúa el arresto y allanamiento sin orden judicial, tiene, al momento de hacerlo, base razonable o motivos fundados para creer que se estaba violando o se iba a violar la ley". *Id.* Además, se ha expresado como sigue:

> Dicho de otra manera, para dirimir si un agente del orden público tenía motivos fundados para arrestar a un ciudadano sin orden, "**es indispensable analizar la información que le constaba a éste y el cuadro fáctico que éste tenía ante sí al momento del arresto para, entonces, determinar si esos hechos pudieron llevar a una persona prudente y razonable a creer que la persona que iba a ser arrestada había cometido, o iba a cometer la ofensa en cuestión**". (Énfasis nuestro). *Pueblo v. Caraballo*, *supra*, en la pág. 273 que cita a *Pueblo v. Calderón*, *supra*.

**C**

El Código Penal de 2012, Ley 146 del 30 de julio de 2012, 33 LPRA sec. 5001, *et seq.*, tipifica como delito en su Artículo 246 lo siguiente:

> Constituirá delito menos grave la resistencia u obstrucción al ejercicio de la autoridad pública a propósito o con conocimiento en cualquiera de las siguientes circunstancias:

(a) Impedir a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo.

(b) Impedir u obstruir a cualquier persona, funcionario o empleado público en el cobro autorizado por ley, de rentas, contribuciones, arbitrios, impuestos, patentes, licencias u otras cantidades de dinero en que esté interesado el Estado Libre Asociado de Puerto Rico.

(c) La negativa a impedir la comisión de un delito que afecte la vida o integridad corporal de las demás personas, después de serle requerido por una persona con autoridad para ello y sin riesgo propio o ajeno.

(d) La negativa a ayudar al arresto de otra persona, después de serle requerido por una persona con autoridad para ello y sin riesgo propio o ajeno.

**(e) Resistir al arresto o huir violentamente luego de ser informado por un funcionario del orden público o persona particular en los casos permitidos por ley, de su autoridad legal para practicarlo.**

(f) La negativa sin excusa legítima a comparecer o acatar una citación expedida por un fiscal o procurador de menores, cualquiera de las Cámaras de la Asamblea Legislativa, cualquier Legislatura Municipal o cualquier comisión de éstas en el curso de una investigación.

(g) La resistencia ilegal y contumaz a prestar juramento o llenar los requisitos como testigo en una causa o investigación pendiente o la negativa sin excusa legítima a contestar cualquier interrogatorio legal después de haber jurado o llenado dichos requisitos ante cualquiera de las Cámaras de la Asamblea Legislativa, de las Legislaturas Municipales o comisión de éstas.

(h) La negativa a prestar o suscribir cualquier juramento, declaración o afirmación requerida por la legislación fiscal del Estado Libre Asociado o por persona, empleado o funcionario competente.

(i) La negativa a contestar cualquier interrogatorio a suplir, dar o devolver alguna planilla, certificación, lista o formulario fiscal con información incompleta, falsa o fraudulenta, luego de ser debidamente requerida por la autoridad fiscal competente. (Énfasis nuestro.) 33 LPRA sec. 5336.

Por otro lado, en su Artículo 5.07 la *Ley de Vehículos y Tránsito de Puerto Rico* (Ley 22-2000) tipifica como delito menos grave conducir un vehículo con imprudencia o negligencia. Dicho Artículo lee como sigue:

Toda persona que condujere un vehículo de forma imprudente o negligentemente, con menosprecio de la seguridad de personas o propiedades, incurrirá en delito menos grave y convicta que fuere será sancionada con pena de multa no menor de quinientos (500) dólares ni mayor de mil (1,000) dólares. No obstante, lo anterior, será sancionada con pena de multa no menor de mil (1,000) dólares ni mayor de dos mil (2,000) dólares toda persona que conduzca un

vehículo o vehículo de motor de forma imprudente o negligente y cause daño a:

(a) Cualquier otra persona que esté realizando labores de reconstrucción, ampliación, repavimentación, mantenimiento u otra relacionada en una autopista, carretera, avenida, calle, acera u otra vía pública abierta al tránsito de vehículos o vehículos de motor.

(b) Cualquier miembro o empleado de una agencia de servicios de seguridad pública que esté atendiendo un accidente de tránsito o prestando cualquier servicio de emergencia en las mismas.

En caso de una segunda convicción y subsiguientes, la pena será de multa no menor de mil (1,000) dólares ni mayor de cinco mil (5,000) dólares o de reclusión por un término no mayor de seis (6) meses, o ambas penas a discreción del tribunal. En estos casos, además de las penas establecidas en esta Ley, el Secretario suspenderá a la persona así convicta toda licencia que posea autorizándole a conducir vehículos de motor por un término de tres (3) meses, en caso de que una persona sea convicta en tres (3) o más ocasiones, se revocará su licencia de conducir permanentemente. Luego de transcurridos tres (3) años a partir de una convicción bajo las disposiciones de esta sección, la misma, no se tomará en consideración para convicciones subsiguientes. […] 9 LPRA sec. 5127.

**III**

A la luz del derecho aplicable, procedemos a evaluar los señalamientos de error traídos ante nuestra consideración. En su primer señalamiento de error, el Sr. Mayr alega que fue hallado culpable en contravención con el derecho vigente, puesto que aduce no se superó el *quantum* de prueba de más allá de duda razonable y ello violentó su derecho de presunción de inocencia. Para fundamentar lo mencionado, el apelante argumenta que el Estado no presentó prueba alguna que corroborara los motivos fundados que tuvo el agente que indicó por radiofrecuencia la información de que el vehículo descrito como un Hyundai Accent color rojo con la tablilla K-A-U ocho cinco uno (851) había sido objeto de apropiación ilegal. Como corolario de lo anterior, señaló como segundo error el hecho de que el tribunal declarara culpable al apelante basándose únicamente en el testimonio del Agte. Bahamundi, privando al Sr. Mayr de su derecho a confrontar al agente que emitió la comunicación por radio. Concluimos que al apelante no le asiste la razón.

Tal y como reseñamos en los hechos del caso, el Sr. Mayr fue hallado culpable por dos delitos menos graves; conducir un vehículo de motor de manera negligente o imprudente y huir violentamente en contravención a las órdenes de un funcionario de orden público a que se detuviera. Estos delitos ocurrieron en presencia del Agte. Bahamundi y así lo declaró en juicio. Por lo que, a tenor con las Regla 11 de Procedimiento Criminal reseñada, el Agte. Bahamundi contaba con motivos fundados para detener y arrestar al Sr. Mayr. Es decir, no cabe hablar de motivos fundados transferidos, pues lo que motivó al Agte. Bahamundi a detener el apelante fueron los hechos percibidos directamente por este y no a raíz de la comunicación que recibió de otro compañero. Destacamos que la comunicación recibida por radiofrecuencia por parte de la Policía Municipal de Carolina fue referente al delito de apropiación ilegal, delito por el cual el apelante no está siendo acusado en este caso.

A raíz de que esta convicción no guarda relación alguna con el mencionado delito de apropiación ilegal, el valor probatorio de los motivos que hubiese tenido el agente que emitió la comunicación por radio, no tiene pertinencia en el caso que nos atañe y por ello no se presentó prueba a tales efectos. El testimonio de dicho agente tampoco representa un requisito para poder probar más allá de duda razonable los elementos de los delitos por los cuales se le acusó al apelante. Por consiguiente, el Sr. Mayr no ostenta un derecho de confrontar al mencionado agente. En fin, todo lo ocurrido referente a los hechos que dieron pie a las acusaciones fue declarado en juicio por el Agte. Bahamundi según este los percibió en la persecución vehicular y el magistrado le dio entero crédito a su testimonio. Sus declaraciones giraron en torno a la manera errática y temeraria en la que el Sr. Mayr conducía un auto, rebasando luces rojas y haciendo caso omiso a las instrucciones que el agente transmitía para que se detuviera. Dicha conducta resultó en un choque que impactó otros vehículos.

Como es sabido, los foros apelativos debemos un respeto y deferencia a las determinaciones de hechos realizadas por los foros

primarios en base a la prueba desfilada y más cuando se trata de prueba testifical ya que son estos los que están en mejor posición de evaluar a los testigos. Por tanto, al no haberse demostrado que el TPI incurrió en error manifiesto, prejuicio o parcialidad no hallamos motivo por el cual revocar la Sentencia apelada. Al contrario, concluimos que el TPI actuó conforme a derecho y la culpabilidad del apelante fue probada más allá de duda razonable.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones